(139 App. Div. 640.)

### KATES v. BOK et al.

. (Supreme Court, Appellate Division, First Department. July 7, 1910.)

PARTNERSHIP (§ 310*)—DISSOLUTION OF PARTNERSHIP—RIGHTS OF PARTNERS—GOOD WILL.

    A partnership which would have expired by limitation on June 30, 1906, was dissolved by agreement on May 3, 1906; the firm business and property in good will being transferred to plaintiff. Defendant thereafter associated with him a person who had been in the employ of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

former firm and they together established a competing business. *Held*, that they might properly solicit business from the customers of the former firm, but would be restrained from resorting to any unfair means tending to destroy the good will of plaintiff's business irrespective of whether the acts complained of were libelous or not.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 712; Dec. Dig. § 310.*]

Ingraham, P. J., dissenting in part.

Appeal from Special Term, New York County.

Action by Norbert B. Kates against Gustav Bok and another. From an order continuing in part an injunction and denying a motion for a reargument of a motion to continue an injunction, both parties appeal.

So much of the order appealed from as restrained defendants from soliciting by fair means the trade of customers of a former firm, consisting of plaintiff and defendant Bok, was reversed, and so much of the order appealed from as denies the motion to continue the injunction by restraining defendants from using unfair means to destroy the value of good will of the former firm was reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Adam K. Stricker, for plaintiff.
Perry Allen, for defendants.

SCOTT, J. These are cross-appeals from an order of the Special Term continuing in part pendente lite, a temporary injunction. The plaintiff and the defendant Bok were, until May 3, 1906, copartners in business under the firm name or style of Kates & Bok. The defendant Semerad was in their employ in what seems to have been a highly confidential relation, having a contingent interest in the profits of the business. The business of the firm consisted largely of exporting merchandise to ports in South America, Central America, and the West Indies. The copartnership would have expired by limitation on June 30, 1906, but owing to dissentions between the partners, the defendant Bok commenced an action on or about April 21, 1906, for the purpose of dissolving the copartnership and liquidating its business. This action was discontinued, however, upon the execution, on May 3, 1906, of a dissolution agreement. This agreement contained inter alia a clause whereby the defendant Bok, for a valuable consideration, sold, assigned, transferred and set over unto plaintiff, "all his (Bok's) right, title and interest in and to the good will of said firm, and the files, correspondence, books, office furniture, fixtures, printed matter, stationary, cable addresses, trade-marks, and trade-names, and it is agreed that said Kates shall have the exclusive right to the use of the name of said firm or to describe himself as successor thereto." It was also agreed that all orders on the books of the firm on April 30, 1906, should be filled and carried out by plaintiff for the benefit of both parties but that "all orders received after April 30th, 1906, whether addressed to said former firm or to either of said parties individually, shall be the property of Kates, and attended to by him up-

on his own responsibility, and said Bok shall not be, nor be by said Kates made, liable thereupon under any circumstances," There is evidence that it was the expectation and understanding that Bok, notwithstanding the comprehensive terms of his sale of the good will of the firm, might and would engage in his own account in a similar business to that conducted by the copartnership. He did so engage, and the defendant Semerad, leaving the employ of plaintiff, associated himself with Bok in some capacity not specifically defined, but evidently very close and confidential, and actively assisted the latter in the acts of which plaintiff especially complains, not hesitating to commit, in that behalf, what looks much like the crime of burglary. Soon after the dissolution of the firm Bok, actively aided by Semerad, not only solicited the business of those who had formerly transacted business with the firm, but endeavored by the most unfair means and scandalous and libelous letters and circulars to destroy the plaintiff's business and to discredit plaintiff, especially with those with whom the firm had formerly dealt. This he did not only to gain business himself, but evidently with the malicious intention of injuring plaintiff and destroying the value of the good will which he had sold. The order appealed from restrains the defendants from soliciting business from those who were customers of the former firm of Kates & Bok, and it is against this provision that the defendants appeal. The order to this effect was granted on the authority of Trego v. Hunt (L. R. App. Cas. 1896, p. 7), in which the House of Lords held in effect that while a retiring partner may engage in a competing business, he may not solicit the customers of the old firm, although he may deal with them when they come to him. This rule does not seem to have been adopted in its entirety in this country; the question whether a retiring partner may solicit customers of his former firm generally being made to depend upon the circumstances of the particular case. Since the present motion was argued at Special Term, this court has passed upon a case resembling the present case in many particulars, except that it was free from evidence of unfair methods on the part of the defendant (Von Bremen v. MacMonnies [Sup.] 122 N. Y. Supp. 1087). In that case, as in this, the copartnership had but a short time to run when the dissolution agreement was entered into and the agreement was made in view of, and to prevent a threatened enforced dissolution and liquidation. Under these circumstances it was considered that the dissolution, although agreed to, could not be considered the voluntary act of the partners, although the method of effecting the dissolution was voluntary. It was held that under these circumstances a retiring partner, notwithstanding he had sold to his copartner the good will of the partnership, might still engage in a similar business and solicit the trade of the old firm. As the facts appear upon this motion that case is decisive of the defendants' appeal. The court in the case last cited was careful, however, to limit the extent to which a retiring partner may go, and to point out that in conducting his new business the retiring partner must be careful to keep within the limits of fair competition, and not so act as to destroy the value of the good will which he has sold. This brings us to a consideration of the plaintiff's appeal which is from the refusal

of the Special Term to continue those provisions of the temporary injunction which restrained defendants from "resorting to any means, scheme or device to destroy or interfere with the good will of the former copartnership of Kates & Bok, or from writing, preparing, printing, causing to be written, prepared or printed, or from mailing, sending or causing to be mailed or sent any letters, circulars or printed matter of any kind the tendency or effect of which will be  *   *   * to destroy the good will connected with plaintiff's business, or reflect or tend to reflect upon the plaintiff's character, for honesty or fair dealing, or which in any way will tend to hold up plaintiff to ridicule and disgrace, and to create the impression that he is dishonest, or which, in any way will cause plaintiff harm in his business, or from making or writing or causing to be made or written any derogatory statements of and concerning the plaintiff in reference to his financial standing or otherwise to the various banks and banking institutions with which the plaintiff deals, or to any person." We think that the temporary injunction should have been continued pendente lite to the above extent. That the defendant Bok, aided by Semerad, has done all the things sought to be restrained is amply proven, and is but half-heartedly denied, when denied at all. That they tend to destroy the value of the good will which was sold to plaintiff cannot be denied, and it is quite obvious that such was the defendants' intention. It is said that the court will not undertake to enjoin the publication of a libel, and that some of the matters which it is sought to restrain might amount to the publication of a libel. It is not, however, because the articles and circulars may be libelous that they should be enjoined, but because whether libelous or not they tend to destroy the value of the good will of the former firm. Having such a tendency, they will be restrained irrespective of their libelous character.

So much of the order appealed from as restrains defendants from soliciting by fair means the trade of customers of the former firm will therefore be reversed, and the motion to continue the injunction denied to that extent. So much of the order appealed from as denies the motion to continue the injunction by restraining the defendant from using the unfair means above referred to, in order to destroy the value of the good will of the former firm, will be reversed, and the motion to continue the injunction to that extent granted without costs to either party. The appeal from the order denying motion for a reargument is dismissed, with $10 costs and disbursements to plaintiff respondent.

LAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. I concur with Mr. Justice SCOTT that the plaintiff was entitled to the injunction asked for, but I disagree with him in reversing so much of the order as enjoins the defendants from soliciting business from those who were customers of the former firm for the reasons stated in my dissenting opinion in Von Bremen v. Mac-Monnies.